UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Breanna Gonzalez and<br>Rafael Gonzalez Rodriguez (220 914 796)<br><br>Plaintiffs,<br><br>v.<br><br>Markwayne Mullin, Secretary,<br>Department of Homeland Security;<br>John Pruhs, Field Office<br>Director, Milwaukee Field Office, U.S.<br>Citizenship & Immigration Services;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-2050 |

**PETITION FOR WRIT OF MANDAMUS**

Plaintiffs, Breanna Gonzalez and Rafael Gonzalez-Rodriguez, by and through their own and proper persons and through their attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petition this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services (hereinafter "USCIS") to adjudicate the I-130 petition filed by Plaintiff Barrajas, and in support thereof, state as follows:

## Introduction

1. This is a civil action brought by Breanna Gonzalez and Rafael Gonzalez-Rodriguez to compel the Defendants to take action on the visa petition for alien relative (USCIS Form I-130) filed by Plaintiff Barrajas on behalf of Plaintiff Gonzalez-Rodriguez with U.S. Citizenship and Immigration Services ("USCIS") *over 18 months ago.*

## Jurisdiction And Venue

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the Code of Federal Regulations).

3. Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Plaintiff contends that the delay in processing his visa petitions is unreasonable.

6. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of

Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added).

7. The INA also creates duties owed by the USCIS in the processing of relevant petitions. 8 U.S.C. § 1154(b) states, "After investigation of the facts in each case…the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition and forward one copy thereof to the Department of State." (emphasis added).

8. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the visa petition. USCIS has a mandatory duty to adjudicate applications and petitions and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

9. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). Plaintiffs reside in Manitowoc, Wisconsin. Additionally, the USCIS Milwaukee Field Office has jurisdiction over the I-130 petition. The USCIS Milwaukee Field Office is within the judicial district of the Eastern District of Wisconsin.

## **Parties**

10. Plaintiff Breanna Gonzalez is a United States Citizen. She resides in Manitowoc, Wisconsin. She is married to Rafael Gonzalez-Rodriquez who is a native and citizen of Nicaragua. He resides with Plaintiff Gonzalez in Manitowoc, Wisconsin.

11. Defendant Markwayne Mullin, Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Mullin, through his delegates, has authority to adjudicate visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. § 1255.

12. Defendant John Pruhs is sued in his official capacity only. He is the Field Office Director of the Milwaukee Field Office of USCIS. As such, he is the Attorney General's designate for the Milwaukee Field Office, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

**Factual Background**

13. Plaintiff Gonzalez is a citizen of the United States. Plaintiff Gonzalez and Gonzalez-Rodriguez are married. They have one U.S. citizen child together, who also resides with them and Plaintiff Gonzalez-Rodriquez is step-father to Plaintiff Gonzalez's two other U.S. citizen children.

14. On March 21, 2025, Plaintiff Gonzalez filed an I-130 visa petition with USCIS (receipt number IOE9403478395). Plaintiffs have received no communication from USCIS except an initial receipt notice.

15. Plaintiffs have made inquiries to USCIS and have only been advised that their I-130 petition is pending. The current processing time published by USCIS for a visa petition with a USCIS field office is 83.5 months, *a period of nearly seven years*. The published processing time is presumptively unreasonable.

16. To date, USCIS has still not made a decision on the visa petition.

17. The Plaintiffs have received no communication regarding final adjudication of the visa petition, nor have they been instructed to provide any further information or documentation to USCIS.

## **Request For Relief**

18. Plaintiffs have complied with all the requirements for filing a visa petition and the delay in adjudicating the application is not attributable to the Plaintiffs.

19. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the visa petition (Form I-130). The delay is unreasonable per se.

20. The Defendants owe the Plaintiffs a duty to adjudicate the visa petition and have unreasonably failed to perform that duty by not adjudicating the petition. This duty is owed under the INA, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the petition.

21. Plaintiffs have exhausted all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the petition.

WHEREFORE**,** Breanna Gonzalez and Rafael Gonzalez-Rodriguez pray that this Honorable Court:

A. Assume jurisdiction herein; and

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the visa petition (Form I-130).

Respectfully Submitted,
Breanna Gonzalez and Rafael Gonzalez-Rodriguez

By: s/ Kevin Raica
One of their attorneys

Kevin Raica, Esq.
Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
kraica@krilaw.com